O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRACY LEE DOTSON, ) | |
| ) | |
| Petitioner, ) | Case No. CV 08-6792-CAS(AJW) |
| ) | |
| v. ) | |
| ) | |
| WARDEN, ) | MEMORANDUM AND ORDER |
| ) | DISMISSING PETITION |
| Respondent. ) | WITHOUT PREJUDICE |
| ) | |

Petitioner filed a petition for a writ of habeas corpus by a person in state custody on October 16, 2008. On January 26, 2009, respondent filed a motion to dismiss the petition, arguing in part that petitioner has failed to exhaust his state remedies with respect to all five of the claims for relief presented in the petition. On February 6, 2009, petitioner filed a motion to voluntarily dismiss the petition without prejudice.

Recognizing that he has not exhausted his state remedies with regard to each of the claims included in his federal petition, petitioner requests that the Court dismiss his petition without prejudice. Petitioner indicates that he intends to complete state review of his unexhausted claims before returning to this Court with all of his claims. [Motion to Voluntarily Dismiss at 1-2].

1    Because respondent has filed neither an answer nor a motion for
2 summary judgment, petitioner arguably has an absolute right to dismiss
3 this action by notice.  See 8 Moore's Federal Practice § 41.33[5][b]
4 (3d ed. 2008).  Accordingly, his motion to dismiss might be treated as
5 a notice of dismissal that is effective without a court order.  See
6 Fed. R. Civ. P. 41(a)(1)(A)(i).
7    Assuming, however, that an order of dismissal is required because
8 respondent refers the court to lodged documents, arguably making its
9 motion to dismiss analogous to a motion for summary judgment, see 8
10 Moore's Federal Practice § 41.33[5][c](3d ed. 2008), the outcome is
11 the same.
12    Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, a
13 plaintiff (or petitioner) may voluntarily dismiss an action with court
14 approval.  Whether a request for voluntary dismissal should be granted
15 lies within the discretion of the district court.  Westlands Water
16 District v. United States, 100 F.3d 94, 96 (9th Cir. 1996); Hamilton
17 v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).
18 Generally, a plaintiff's request to dismiss should be granted unless
19 the defendant will be legally prejudiced as a result.  See Westlands
20 Water District, 100 F.3d at 96; Hamilton, 679 F.2d at 145.
21    There is no reason why petitioner's request should not be
22 granted.  Respondent has filed a motion to dismiss the petition on the
23 ground that it is not exhausted. Since dismissal without prejudice for
24 failure to exhaust state remedies is what respondent is seeking,
25 allowing petitioner to dismiss voluntarily would not cause respondent
26 to suffer any legal prejudice. Moreover, petitioner has proffered a
27 good reason for his request for dismissal.
28    For the foregoing reasons, petitioner's motion is **granted** and the

2

1 petition is dismissed without prejudice to its refiling after
2 petitioner exhausts his state remedies.[1]
3     **IT IS SO ORDERED.**
4 Dated: March 5, 2009

*/s/ Christina A. Snyder*

Christina A. Snyder
United States District Judge

---

[1] Petitioner is notified that any future federal petition will be subject to the one year period of limitation set forth in 28 U.S.C. §2244(d)(1). While the limitation period is tolled during the pendency of a properly filed state petition, it was not tolled during the pendency of this federal petition.